[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12061

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

EDGAR VAZQUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:19-cr-00030-SPC-NPM-1

_____

Before WILSON, ROSENBAUM, and LUCK, Circuit Judges.

PER CURIAM:

Edgar Vazquez appeals the district court's denial of his motion to dismiss the indictment in part or, alternatively, to suppress evidence obtained from a traffic stop, based on his claim that law enforcement engaged in "outrageous conduct" by forcing him to commit a traffic violation as a pretext to pull him over. The district court found that the motion was untimely, that Vazquez failed to show good cause to excuse the untimeliness, and that, in any case, the motion failed on its merits. Vazquez argues that the district court abused its discretion by denying his motion without a hearing. After careful review, we affirm.

## I.

In September 2018, Detective Christopher Rodriguez of the Lee County Sheriff's Office, a member of the highway interdiction unit, received instructions from a narcotics officer to stop a red Ford Edge in his patrol area. Rodriguez located the vehicle and approached it from behind in another lane during rush-hour traffic. As Rodriguez reached the Edge, which was traveling the speed limit of 45 miles per hour, he saw the car abruptly decelerate for no apparent reason and then speed up again. The cars behind the Edge had to brake quickly to avoid a collision.

Seeing the abrupt deceleration, Rodriguez conducted a traffic stop of the Edge, which was driven by Vazquez. A drug dog

sniff led to the discovery of a roughly half-kilogram package of cocaine under the driver's seat. Vazquez was arrested, and officers obtained a search warrant for his home. During that search, officers found a loaded pistol, cocaine, marijuana, cash, and drug paraphernalia.

Vazquez was indicted in February 2019 on one count each of possession with intent to distribute 500 grams or more of cocaine, *see* 21 U.S.C. § 841(a)(1), (b)(1)(B), and possession of a firearm in furtherance of a drug-trafficking crime, *see* 18 U.S.C. § 924(c)(1)(A)(i). A scheduling order entered in March 2019 set a fourteen-day deadline for pretrial motions, including motions to dismiss the indictment or to suppress. Then, in May 2019, a superseding indictment added another cocaine-trafficking count, *see* 21 U.S.C. § 841(a)(1), (b)(1)(C), not stemming from the traffic stop.

Meanwhile, Vazquez moved to suppress evidence obtained from the traffic stop, which he asserted was pretextual and not supported by probable cause.[1] The district court held an evidentiary hearing at which Rodriguez was the sole witness. When asked personally by the court, Vazquez declined to testify under the advice of counsel. The court denied the motion to suppress in August 2019, concluding that Rodriguez had probable cause to stop

---

[1] Vazquez later filed a motion to suppress alleging a defective search warrant, which the district court denied after a hearing.

Vazquez for violating Fla. Stat. § 316.183(5) by impeding the normal and reasonable flow of traffic.

In February 2020, after switching attorneys in November 2019, Vazquez again challenged the legality of the traffic stop, moving to dismiss the charges or suppress the evidence stemming from the September 2018 stop. Acknowledging the motion was untimely, Vazquez asserted that "good cause" existed based on "new facts" showing that a federal special agent was operating the vehicle behind him—a black Chrysler 200. He said that the federal agent "rapidly accelerated his vehicle and feinted at Defendant's vehicle, startling him," at the same as Rodriguez was "aggressive[ly] maneuvering" towards him in his patrol car. By aggressively converging on him, he argued, the officers "engaged in outrageous conduct to induce a reaction by [him] that would justify a pretextual stop," in violation of his due-process rights.

Notably, Vazquez did not identify when he learned that the driver of the Chrysler 200 was a federal agent. Nor did he suggest he was unaware of the other alleged facts—that he braked hard in response to two rapidly converging vehicles—before the denial of the first motion to suppress. Indeed, the motion to dismiss or suppress indicates that this "important evidence" was not offered to the court because prior counsel advised Vazquez not to testify at the hearing, not because the information was unknown.

In opposition, the government argued that Vazquez lacked good cause to excuse the untimely filing and that the motion was meritless. It did not dispute that a federal agent was driving the

Chrysler 200 and conducting surveillance on Vazquez, though it denied any aggressive converging.

In reply, Vazquez declared that whether he "previously knew some of the information is of no moment" because he had been advised not to testify by prior counsel. Rather, in his view, the federal agent's involvement and the government's acknowledgment of that new fact were "sufficiently grave" to "render [his] motion timely under Rule 12."

The district court denied the motion as untimely and on the merits. It was untimely, in the court's view, because it was filed ten months beyond the scheduling order's deadline without good cause. The court explained that Vazquez failed to identify when he learned of the agent's identity, which was necessary to assess good cause, and that if he had slowed down because two vehicles were converging aggressively on him, "he could have said so at the other suppression hearing," but he chose not to testify. On the merits, the court reasoned that the alleged conduct was not sufficiently outrageous in part because the officers did nothing to cause his cocaine trafficking and gun possession.

At trial, the government elected to proceed on the two counts stemming from the September 2018 traffic stop, and it dismissed the other count. Of those two counts, Vazquez contested only the § 924(c) gun offense. The jury found him guilty of the drug crime but acquitted him of the gun crime. The district court sentenced him to 136 months' imprisonment. Vazquez appeals.

## II.

We review *de novo* the denial of a motion to dismiss based on outrageous government conduct. *United States v. Castaneda*, 997 F.3d 1318, 1325 (11th Cir. 2021). We review the denial of a motion to suppress on the grounds of timeliness for an abuse of discretion. *United States v. Andres*, 960 F.3d 1310, 1315 (11th Cir. 2020). Likewise, we review for an abuse of discretion the court's refusal to hold an evidentiary hearing. *United States v. Massey*, 89 F.3d 1433, 1443 (11th Cir. 1996).

## III.

Under Rule 12, Fed. R. Crim. P., district courts may impose and extend filing deadlines for certain pretrial motions, including motions to suppress or to dismiss the indictment for nonjurisdictional defects. Fed. R. Crim. P. 12(b)(3), (c)(1)–(2). "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." Fed. R. Crim. P. 12(c)(3).

Here, Vazquez has never disputed that his motion to dismiss or suppress was untimely under the court's scheduling order and Rule 12, so the question is whether he established "good cause." Fed. R. Crim. P. 12(b)(3), (c)(3). And he arguably abandons this issue on appeal by failing to plainly and prominently raise it in his briefing. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) ("[A] party seeking to raise a claim or issue on appeal must plainly and prominently so indicate."). At best he makes

a few passing references, asserting that the motion was "based upon new facts and information not previously disclosed by the Government," but he fails to develop this position at all. And "[w]e have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

In any case, Vazquez has not shown good cause. "[T]he law is clear that no good cause exists if the defendant had all the information necessary to bring a Rule 12(b) motion before the date set for pretrial motions, but failed to file it by that date." *Andres*, 960 F.3d at 1316. "Neither a strategic decision nor inadvertence constitutes good cause." *Id.*

For the most part, Vazquez's present motion to dismiss or suppress simply reflects a change in strategy. After losing the first motion to suppress evidence from the traffic stop, Vazquez obtained a new attorney and then challenged the stop again. This time, he relied on factual details—that he braked abruptly in response to two rapidly converging vehicles, a marked police car and a Chrysler 200—he had declined to testify about during the first suppression hearing. But his strategic decision not to testify does not constitute good cause sufficient to overcome the untimely filing of his motion to suppress.[2] *See id.*

---

[2] To the extent Vazquez maintains counsel's advice in this regard was constitutionally deficient, and so warrants relief from his conviction, the record is

The only truly new fact appears to be that a federal agent was driving the Chrysler 200, which Vazquez argued made his outrageous-conduct defense available for the first time. As the district court observed, though, Vazquez never identified when or how he learned this information, which is necessary for the court to assess good cause. Nor is it apparent that this information was not previously "reasonably available" to Vazquez. *See* Fed. R. Crim. P. 12(b)(3). Notably, by the time of the first suppression hearing, it appears Vazquez knew that the traffic stop was allegedly pretextual and stemmed from a narcotics investigation, and he had seen the same Chrysler 200 several times before the day of the traffic stop.

In sum, Vasquez failed to explain why his current suppression arguments could not have been timely raised, and his strategic decision not to testify in the prior hearing does not constitute good cause under Rule 12. For these reasons, the district court did not abuse its discretion by denying the second motion suppress as untimely. *See id.* And we affirm the district court's denial of Vazquez's untimely motion to dismiss the indictment in part or to suppress.

**AFFIRMED.**

---

inadequate to resolve that issue on direct appeal. *See United States v. Verbitskaya*, 406 F.3d 1324, 1337 (11th Cir. 2005) ("Except in the rare instance when the record is sufficiently developed, we will not address claims for ineffective assistance of counsel on direct appeal.").